IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION
CASE NO. 7:19-CV-44

D.R. HORTON, INC.; individually, and on
behalf of all others similarly situated,

     Plaintiffs,

v.

COUNTY OF BRUNSWICK,

     Defendant.

CLASS ACTION COMPLAINT

NOW COMES Plaintiff, by and through its undersigned counsel, on behalf of itself and all others similarly situated, and complaining of Defendant, alleges and says as follows:

## INTRODUCTORY STATEMENT

1.     This is a civil action for declaratory relief and recovery of monetary damages to remedy Defendant's violation of Plaintiff's substantive due process rights by adopting, assessing, and collecting unlawful and *ultra vires* water and wastewater capital recovery fees as a mandatory condition to Defendant's furnishing of future water and wastewater service to Plaintiff's real properties.

2.     Plaintiff is a residential homebuilder who conducts or has conducted business within the service area of Defendant's water and wastewater systems, and who has been required to pay Defendant's unlawful water and wastewater capital

recovery fees as a condition to its properties receiving the use of and services furnished by Defendant's water and/or wastewater systems in the future.

3.    The unlawful water and wastewater capital recovery fees increased the expense, and therefore, reduced the profits Plaintiff earned in the course of its business of developing the subject properties and/or constructing residential units thereon.

4.    Plaintiff brings this class action on behalf of itself and all similarly situated entities and individuals who were charged and paid Defendant's unlawful capital recovery fees from three (3) years prior to the commencement of this action through June 30, 2018[1] (the "Class").

5.    Plaintiff, on behalf of itself and the Class, seeks a declaration that Defendant's adoption and assessment of the capital recovery fees against Plaintiff and the Class was *ultra vires* and in violation of Plaintiff's and the Class's rights to substantive due process guaranteed by the United States Constitution and 42 U.S.C. § 1983, and Article I, Section 19 of the North Carolina Constitution.

6.    Plaintiff, on behalf of itself and the Class, further seeks damages in the form of a refund of all capital recovery fees previously paid by Plaintiff and the Class to Defendant, along with pre-judgment interest at the rate of 6% per annum from the date of payment of the capital recovery fees pursuant to N.C. Gen. Stat. § 153A-324, plus an award of its costs, expenses, and attorneys' fees incurred in this

---

[1] The period of three (3) years prior to the commencement of this action through June 30, 2018 is hereinafter referred to as the "Class Period."

action pursuant to 42 U.S.C. § 1988, N.C. Gen. Stat. § 6-21.7, and other applicable law.

7. The capital recovery fees challenged in this action do not concern any lawful water and/or wastewater system development fees adopted and charged by Defendant in accordance with Session Law 2017-138 (H.B. 436), which established the "Public Water and Sewer System Development Fee Act," and is codified in Article 8 of Chapter 162A of the North Carolina General Statutes (the "Act"). Upon information and belief, Defendant began charging water and wastewater system development fees on July 1, 2018.

8. This action only concerns capital recovery fees charged and collected by Defendant prior to Defendant's adoption of lawful water and wastewater system development fees pursuant to the Act. All references herein to N.C. Gen. Stat. § 153A-277 shall mean and refer to the provisions of N.C. Gen. Stat. § 153A-277 prior to its modification by the Act.

9. Upon information and belief, Defendant has charged and collected capital recovery fees from Plaintiff and the Class in excess of $5,000,000.00 during the Class Period.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiff's claims present substantial, disputed questions of federal law arising under the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

3

11.     This Court has jurisdiction over Plaintiff's requests for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.  A genuine and justiciable controversy exists between the parties in that Plaintiff contends that Defendant's water and wastewater capital recovery fees were *ultra vires*, unconstitutional, and void, whereas, upon information and belief, Defendant contends the challenged capital recovery fees were legal.

12.     This Court also has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2)(A) because the aggregate claims of all members of the proposed Class are in excess of $5,000,000.00, exclusive of interest and costs, and one or more members of the Class are citizens of a State different from the Defendant.

13.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law claims against Defendant are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution and should be tried in a single action.

14.     This Court has subject matter and personal jurisdiction over the parties.

15.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 because it is the judicial district in which the Defendant is considered to reside as well as the judicial district in which a substantial part of the events or omissions giving rise to these claims occurred.

16.     This action has been filed within all applicable statutes of limitation and repose.

17.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

18.     A copy of this complaint has been served on the Attorney General of North Carolina pursuant to N.C. Gen. Stat. § 1-260.

## PARTIES

19.     Plaintiff D.R. Horton, Inc. is a Delaware corporation with a principal office in Arlington, Texas, authorized to do business in North Carolina and has done business in Brunswick County, North Carolina.

20.     Defendant County of Brunswick (the "County") is a body politic and corporate entity with the capacity to sue and be sued pursuant to N.C. Gen. Stat. § 153A-11.

21.     At all times relevant to this action, the Defendant was acting under color of state law, statute, or ordinance.

## STATEMENT OF FACTS

**A.     AT ALL TIMES RELEVANT HERETO, COUNTIES IN NORTH CAROLINA LACKED AUTHORITY TO CHARGE AND COLLECT WATER AND/OR WASTEWATER FEES PRIOR TO THE CONTEMPORANEOUS USE OF THE WATER AND/OR WASTEWATER SYSTEMS BY THE SUBJECT PROPERTY.**

22.     The preceding paragraphs are realleged and incorporated herein by reference.

23.     Counties are "creatures of the General Assembly" and have no inherent powers. *Stephenson v. Bartlett*, 355 N.C. 354, 364-65, 562 S.E.2d 377, 385 (2002).

24.     At all times relevant hereto, the General Assembly authorized counties to charge and collect water and wastewater fees through N.C. Gen. Stat. § 153A-277, which provided that "[a] county may establish and revise…rents, rates, fees, charges, and penalties for the **_use of_** or the **_services furnished by_** any public enterprise." N.C. Gen. Stat. § 160A-277 (emphasis added).

25.     On August 19, 2016, the North Carolina Supreme Court filed a decision in *Quality Built Homes, Inc. v. Town of Carthage*, 369 N.C. 15, 789 S.E.2d 454 (2016), which held that municipalities under N.C. Gen. Stat. § 160A-314(a), and by extension, counties under § 153A-277, did not grant authority for a local government to charge for water and wastewater services "to be furnished" in the future.

26.     The North Carolina Supreme Court in *Quality Built Homes* held that the plain language of N.C. Gen. Stat. § 160A-314(a)--and, by extension, § 153A-277-- allowing the imposition of fees for the "use of or services furnished by" a local government, only authorized the imposition of fees for the actual, *contemporaneous* use of a local government's water and/or wastewater systems.

27.     Under the holding of *Quality Built Homes*, Defendant lacked authority, at all times relevant hereto, to impose and assess water and wastewater capital recovery fees prior to Plaintiff's properties being connected to Defendant's

water and/or wastewater systems, and prior to those properties having the contemporaneous use of the services furnished by Defendant's water and/or wastewater systems.

28. The North Carolina Supreme Court further held in *Quality Built Homes* that the proper method for a local government to pay for the costs to expand its water and wastewater systems to serve new development is through its "authority to charge tap fees and to establish water and sewer rates to fund necessary improvements and maintain service to its inhabitants, which is sufficient to address its expansion needs." *Quality Built Homes*, 369 N.C. at 21-22, 789 S.E.2d at 459 (emphasis added).

## B. AT ALL TIMES RELEVANT TO THIS ACTION, DEFENDANT'S WATER AND WASTEWATER CAPITAL RECOVERY FEES WERE *ULTRA VIRES*.

29. The preceding paragraphs are realleged and incorporated herein by reference.

30. At all times relevant hereto, Defendant's adopted ordinances, policies, manuals, and customs required residential homebuilders, including Plaintiff, to pay one-time water and wastewater capital recovery fees in amounts adopted annually by Defendant when a homebuilder submitted an application for water and/or wastewater service or extension of service to its properties, and in any event prior to Plaintiff's properties actually being able to use Defendant's water and/or wastewater systems or being furnished services by Defendant's water and/or wastewater systems.

31.     At the time Plaintiff was required to pay capital recovery fees, Plaintiff's properties were not connected to Defendant's water and/or wastewater system(s).

32.     Defendant's capital recovery fees were imposed separate and apart from Defendant's tap fees, which reflect the actual cost incurred by Defendant to tap a line and connect a property to Defendant's water and/or wastewater systems.

33.     Defendant's capital recovery fees were not charged for the "use of" or "services furnished by" Defendant's water and/or wastewater systems, as Defendant's user fees are the fees charged for actual service received by users of the systems.

34.     The amount of Defendant's water and wastewater capital recovery fees were set each year as part of the Defendant's annual budget adoption process and were set forth in Defendant's schedule of current rates, fees, and charges. Newly adopted capital recovery fees became effective each year as of the beginning of the fiscal year on July 1.

35.     Defendant's adopted capital recovery fees for FY 2018 for a three-bedroom, single family unit were $1,150.00 per unit for water and $4,000.00 per unit for wastewater.

36.     Defendant's capital recovery fees in effect at all times relevant to this action were *ultra vires*, as Defendant had no legal authority at those times to charge fees for water and/or wastewater services to be furnished.

37.     Defendant's capital recovery fees could not be negotiated by property owners.  Plaintiff was required by Defendant to pay, and did pay, the unlawful and *ultra vires* capital recovery fees as a mandatory condition to Defendant furnishing water and/or wastewater service to Plaintiff's properties.

38.     At the time Plaintiff was required by Defendant to pay the unlawful and *ultra vires* capital recovery fees, Plaintiff's properties were not connected to Defendant's water and/or wastewater systems, and there was no contemporaneous, actual use of the systems by the subject properties.

39.     Upon information and belief, at all times relevant hereto, Defendant deposited the revenue from the capital recovery fees into a water and wastewater operating fund and used the revenue from the capital recovery fees for future discretionary spending.

40.     Defendant's capital recovery fees were charged for new connections to Defendant's water and wastewater systems and were used to fund the cost of future expansion of Defendant's water and/or wastewater systems and accommodate new development.

## CLASS ACTION ALLEGATIONS

41.     The preceding paragraphs are realleged and incorporated by reference herein.

42.     **Class Definition**: Plaintiff brings this action individually and as a class action on behalf of the following Class: all entities and individuals who paid capital recovery fees to Defendant at any time between the three (3) years prior to the

commencement of this action and June 30, 2018. Excluded from the proposed class are the following: the Defendant and subsidiary, affiliate, or controlled persons of the Defendant; the officers, directors, agents, servants or employees of the Defendant, and any governmental agency.

43.     Plaintiff reserves the right to redefine the Class prior to certification.

44.     This action is brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

45.     **Numerosity of the Class/Impracticability of Joinder – F. R. Civ. P. 23(a)(1)**: The Class is so numerous that the individual joinder of all of its members is impractical. Plaintiff estimates that the Class will consist of hundreds of individuals and entities, and the exact number and identities of all members of the Class will be ascertainable with certainty through examination of public records and discovery from the Defendant.

46.     **Commonality – F. R. Civ. P. 23(a)(2)**: Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting only individual Class members. These common legal and factual questions arise from a common course of conduct of Defendant without variation amongst individual class members,

47. Factual questions common to all named Plaintiff and Class members which will ultimately reach a common conclusion, include but are not limited to the following:

a. Whether or not, at the time Defendant's capital recovery fees were required to be paid, Plaintiff's and the Class' properties were connected to Defendant's water and/or sewer systems as was necessary to have the ability to contemporaneously use the services furnished thereby;

b. Whether Defendant would refuse to grant required development approvals to which Plaintiff and the Class were otherwise entitled if the capital recovery fees were not paid;

c. Whether the capital recovery fees exacted from Plaintiff and the Class by Defendant were used by Defendant to fund expansion of the water and sewer systems; and

d. Whether the amount of the capital recovery fees exacted from Plaintiff by Defendant was related to or proportional to the actual impacts of development on Defendant's water and/or sewer system;

48. Legal questions common to all Plaintiff and Class members, which will ultimately reach a common conclusion, include but are not limited to the following:

a. Whether Defendant's adoption and assessment of the capital recovery fees against Plaintiff and the Class was beyond Defendant's statutory authority, and therefore, *ultra vires* and void;

b. Whether Defendant's pattern, practice, and policy of requiring

and collecting capital recovery fees was *ultra vires* and in violation of Plaintiff's and the Class members' rights to substantive due process guaranteed by the United States Constitution and 42 U.S.C. § 1983, and Article I, Section 19 of the North Carolina Constitution; and

        c. Whether Plaintiff and the Class members are entitled to damages in the form of a refund of all capital recovery fees previously paid by Plaintiff and the Class to Defendant, along with pre-judgment interest at the rate of 6% per annum from the date of payment of the capital recovery fees pursuant to N.C. Gen. Stat. § 153A-324, plus an award of their costs, expenses, and attorneys' fees incurred in this action pursuant to 42 U.S.C. § 1988, N.C. Gen. Stat. § 6-21.7, and other applicable law.

49.   **Typicality** -- **F. R. Civ. P. 23(a)(3)**: The Plaintiff's claims are typical of the claims of the members of the Class both in the nature and the manner by which Defendant caused injury to the Class members, and the extent of the injury inflicted. Plaintiff and all members of the Class have been similarly affected by Defendant's practice of charging and collecting the unlawful capital recovery fees as Plaintiff and all other Class members were uniformly required to pay the unlawful capital recovery fees in the same amount per lot during any fiscal year. Plaintiff seeks recovery/restitution for the Defendant's unlawful conduct. Consequently, the Plaintiff's legal claims are the same as those of any other Class Member, and the relief they seek is the same as that of any other Class Member.

50.   **Adequacy of Representation — F. R. Civ. P. 23(a)(4)**: Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff is represented by the same counsel that represented the plaintiffs in the *Quality Built Homes* case from its inception to its conclusion, as well as the plaintiffs in *Lanvale Properties, LLC v. County of Cabarrus*, 366 N.C. 142, 731 S.E.2d 800 (2012), another significant North Carolina case concerning the invalidation of unlawful local government development ordinances and fees.  Plaintiff's counsel are well-versed in municipal law, and have litigated similar local government development fee cases against numerous cities and counties across North Carolina.  Plaintiff's counsel also represented plaintiffs in another action involving refunded impact and/or capital recovery fees entitled *CB Windswept, LLC, et al. v. Cape Fear Public Utility Authority and New Hanover County*, New Hanover County File 13-CvS-1254.  Plaintiff and its counsel are committed to prosecuting this action vigorously on behalf of Plaintiff and the Class and have the financial resources to do so. Neither Plaintiff, nor its counsel, have any interests adverse to or potentially in conflict with the interests of the Class.   Furthermore, Plaintiff has retained competent counsel who are experienced in class action litigation involving consumer fraud.

51.   **Class Certification Under F. R. Civ. P. 23(b)(3)** – **Predominance and Superiority**: The common issues of fact and law presented by this action, including those specified above, are predominant, as they arise out of a common course of unlawful conduct by Defendant which resulted in a common injury to Plaintiff and

the Class. Plaintiff will present proof that Defendant's fees challenged herein were unlawful and *ultra vires* – proof that is the same for each member of the Class.

52.     A class action is superior to other available means of adjudicating the claims of the Class, and is the only means to achieve a fair, efficient, uniform, and conclusive result. Absent certification of a class, each individual Class member is unlikely to pursue recovery of the capital recovery fees unlawfully exacted from them on an individual basis, due to the substantial burden and expense associated with the complex, expensive, and extensive litigation necessary to establish Defendant's liability and obtain adequate compensation for the injuries sustained. Individualized litigation increases the expense and delay for all parties and multiplies the burden on the judicial system in handling the complex legal and factual issues present in this case. Individualized litigation also presents the potential for inconsistent and contradictory judgments.

53.     Class action litigation is the superior method of adjudication to litigate the claims of Plaintiff and the Class and presents far fewer practical difficulties and provides several benefits, including single and efficient adjudication.     Class treatment of the issues present in this case will ensure that each claimant receives a fair and consistent adjudication.

**FIRST CLAIM FOR RELIEF**
**(Declaration that Defendant's Adoption and Enforcement of the Capital Recovery Fees was *Ultra Vires*)**

54.     The preceding paragraphs are realleged and incorporated by reference herein.

55. Counties in North Carolina only have the authority to exercise powers, duties, privileges and immunities conferred upon them by the General Assembly.

56. As detailed hereinabove, Defendant's capital recovery fees were invalid because the North Carolina General Assembly did not generally or specifically authorize Defendant, during the relevant time period, to adopt and enforce the water and wastewater capital recovery fees challenged in this action.

57. Pursuant to 28 U.S.C. §§ 2201 and 2202 and N.C. Gen. Stat. § 1-253, *et. seq.*, Plaintiff and the Class are entitled to a judgment declaring Defendant's water and wastewater capital recovery fees *ultra vires*, unlawful, and void, for the reason that Defendant exceeded its statutory authority by adopting, imposing, and enforcing the water and wastewater capital recovery fees as alleged herein.

**SECOND CLAIM FOR RELIEF**
**(Declaration that Defendant's Adoption and Enforcement of the Capital Recovery Fees Violated Plaintiff's Right to Substantive Due Process)**

58. The preceding paragraphs are realleged and incorporated herein by reference.

59. Plaintiff and the Class have a fundamental property interest in the real properties against which the capital recovery fees were assessed and the money that Plaintiff and the Class were required to pay as capital recovery fees, which property interests were infringed upon by Defendant's illegal actions complained of herein.

60. Pursuant to Article VI, clause 2 of the United States Constitution, the Constitution and federal laws made pursuant thereto are the supreme law of the

land. In addition, Article VII, § 1 of the North Carolina Constitution and N.C. Gen. Stat. §153A-4 expressly prohibit counties in North Carolina from exercising powers contrary to the United States Constitution, the North Carolina Constitution, federal law, North Carolina law, or the public policy.

61.     The Fourteenth Amendment to the United States Constitution and Article I, § 19 of the North Carolina Constitution prohibit Defendant from depriving Plaintiff and the Class of their property without due process of law, in violation of the law of the land.

62.     By adopting and enforcing the water and wastewater capital recovery fees, Defendant acted outside the scope of legitimate objectives permitted for counties and their departments in North Carolina, exercised powers contrary to federal and state law, as well as the public policy, and charged capital recovery fees which were unduly oppressive to Plaintiff and the Class, thus depriving Plaintiff and the Class of their property in violation of the United States and North Carolina Constitutions.

63.     Acting under color of state law and in accordance with official policies of Defendant, Defendant and its agents deprived Plaintiff and the Class of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and Article I, Section 19 of the North Carolina Constitution in adopting the capital recovery fees by ordinance and requiring payment of the capital recovery fees as a condition of development.

16

64.     Defendant adopted and imposed the illegal capital recovery fees with deliberate indifference to Plaintiff's and the Class's constitutional rights, and unreasonably deprived Plaintiff and the Class of their property interest in the money used to pay the illegally-assessed capital recovery fees, in violation of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and Article I, § 19 of the North Carolina Constitution.

65.     Plaintiff and the Class were deprived of their fundamental property interests by Defendant's government action which shocks the conscience and has no rational relation to a valid state objective, as Defendant lacked any statutory or other authority to assess the capital recovery fees against Plaintiff and the Class.

66.     Defendant was aware, or should have been aware, of Plaintiff's and the Class's clearly established rights, and that its own actions violated federal law and North Carolina law, as the North Carolina Supreme Court has, since at least 1982, "cautioned that [local government] may lack the power to charge for prospective [water and wastewater] services." *Quality Built Homes, Inc. v. Town of Carthage*, 369 N.C. 15, 20-21, 776 S.E.2d 454, 458 (2016) (citing *Bissette v. Town of Spring Hope*, 305 N.C. 248, 251, 287 S.E.2d 851, 853 (1982)).   Further, in its decision in *Quality Built Homes v. Town of Carthage* entered on August 19, 2016, the North Carolina Supreme Court expressly and unambiguously held that fees charged by local government for future water and/or wastewater services, such as Defendants' capital recovery fees, were illegal.

67. Plaintiff and the Class are entitled to a declaration that Defendant violated Plaintiff's and the Class's rights to substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and Article I, Section 19 of the North Carolina Constitution.

THIRD CLAIM FOR RELIEF
(Refund of Water and Wastewater Capital Recovery Fees as Damages Under
42 U.S.C. § 1983 and N.C. Gen. Stat. § 153A-324)

68. The preceding paragraphs are realleged and incorporated herein by reference.

69. Defendant is a person within the meaning of 42 U.S.C. § 1983.

70. Plaintiff and the Class had clearly established rights under federal and state law to be free from Defendant's adoption and enforcement of unlawful capital recovery fees, which deprived Plaintiff and the Class of its property in derogation of Plaintiff's and the Class's fundamental right to substantive due process.

71. Defendant's assessment of the illegal capital recovery fees violated Plaintiff's and the Class's substantive due process rights and unreasonably deprived Plaintiff and the Class of property interests guaranteed by the United States and North Carolina Constitutions through government action that shocks the conscience and has no rational relation to a valid state objective as Defendant had no statutory authority to assess the capital recovery fees.

72. Defendant and its agents acted under color of state law and in accordance with official policies of Defendant in imposing and assessing its capital

recovery fees, and deprived Plaintiff and the Class of its rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and Article I, Section 19 of the North Carolina Constitution.

73.    As a direct and proximate result of Defendant's violations of Plaintiff's and the Class's substantive due process rights, Plaintiff and the Class have suffered and are entitled to recover actual damages in the amount of the water and wastewater capital recovery fees they were required to pay to Defendant pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, and Article I, Section 19 of the North Carolina Constitution.

74.    Plaintiff and the Class are further entitled to pre-judgment interest on their refunded capital recovery fees at the rate of 6% per annum from the date of payment of the fees, as provided by N.C. Gen. Stat § 153A-324, and post-judgment interest at the legal rate.

### FIFTH CLAIM FOR RELIEF
(Costs, Expenses, and Attorneys' Fees)

75.    The preceding paragraphs are realleged and incorporated herein by reference.

76.    The North Carolina Supreme Court held in *Quality Built Homes* that local governments "clearly and unambiguously" lack statutory authority to charge for future water and wastewater services. 369 N.C. 15, 789 S.E.2d 454 (2016).

77.    The North Carolina Supreme Court has, since at least 1982, "cautioned that [local government] may lack the power to charge for prospective

[water and wastewater] services[.]" *See id.*, 269 N.C. at 20, 789 S.E.2d at 458 (citing *Bissette v. Town of Spring Hope*, 305 N.C. 248, 251, 287 S.E.2d 851, 853 (1982)).

78. Notwithstanding the caution of the North Carolina Supreme Court in 1982 in the *Bissette v. Town of Spring Hope* decision, or the clear holding of the North Carolina Supreme Court in the *Quality Built Homes v. Town of Carthage* decision entered on August 19, 2016, Defendant nonetheless charged its illegal and *ultra vires* capital recovery fees through at least June 30, 2018.

79. Defendant acted outside the scope of its legal authority by imposing, charging, and collecting the illegal and *ultra vires* water and wastewater capital recovery fees challenged herein.

80. It was an abuse of discretion for Defendant to charge and collect water and wastewater capital recovery fees from Plaintiff and the Class without authority from the North Carolina General Assembly, and to require payment of fees which lacked an essential nexus or rough proportionality to the actual impacts of connection of Plaintiff's and the Class's properties to Defendant's water and wastewater system.

81. Plaintiff and the Class are entitled to recover actual costs, expenses, and attorneys' fees incurred in this action pursuant to 42 U.S.C. § 1988, N.C. Gen. Stat. § 6-21.7, and/or other applicable law.

WHEREFORE, Plaintiff, on behalf of itself and all others similarly situated, prays the Court grant it the following relief:

20

1)      For an Order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

2)      That the subject water and wastewater capital recovery fees of Defendant be declared *ultra vires;*

3)      That the subject water and wastewater capital recovery fees of Defendant be declared unlawful as violating Plaintiff's and the Class's right to substantive due process as provided by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and Article 1, Section 19 of the North Carolina Constitution;

4)      That Plaintiff and the Class have and recover from Defendant actual damages pursuant to the United States Constitution and 42 U.S.C. § 1983, and Article I, Section 19 of the North Carolina Constitution, in the amount of the water and wastewater capital recovery fees paid by Plaintiff and the Class to Defendant;

5)      That Plaintiff and the Class have and recover from Defendant pre-judgment interest on the refunded fees at the rate of 6% per annum from the date of payment of the capital recovery fees, as provided by N.C. Gen. Stat § 153A-324, and post-judgment interest at the legal rate;

6)      That Plaintiff and the Class have and recover from Defendant its actual costs, expenses, and attorneys' fees incurred in this action pursuant to 42 U.S.C. § 1988, N.C. Gen. Stat. § 6-21.7, and/or other applicable law; and

7)     For such other and further relief as this Court may deem just and proper.

THIS, the 5th day of March, 2019.

SCARBROUGH & SCARBROUGH, PLLC          SHIPMAN & WRIGHT, LLP

/s/ John F. Scarbrough                              /s/ Gary K. Shipman
JOHN F. SCARBROUGH                                 GARY K. SHIPMAN
N.C. Bar No. 41569                                 N.C. Bar No. 9464
jfs@sandslegal.net                                 gshipman@shipmanlaw.com


/s/ James E. Scarbrough                            /s/ William Wright
JAMES E. SCARBROUGH                                WILLIAM WRIGHT
N.C. Bar No. 6372                                  N.C. Bar No. 26891
jes@sandslegal.net                                 wwright@shipmanlaw.com
137 Union Street South                             575 Military Cutoff Road, Suite 106
Concord, NC 28025                                  Wilmington, NC 28405
(704) 782-3112                                     (910) 762-1990